# EXHIBIT A

94·243

January 3, 1994

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SALT POND ASSOCIATES,           )
                                )
     Plaintiff and              )
     Counterclaim Defendant,    )
                                )
     v.                         )      C.A. No.  92-597-LON
                                )
UNITED STATES ARMY CORPS OF     )
ENGINEERS, et al.,              )
                                )
     Defendants and             )
     Counterclaimants.          )

## CONSENT DECREE

WHEREAS, Plaintiff Salt Pond Associates ("Salt Pond" or "Plaintiff"), having filed the Complaint in this action on October 19, 1992, against Defendants United States Army Corps of Engineers ("the Corps"); Major John A.P. Gessner, Acting District Engineer, the Corps; Lieutenant Colonel R.F. Sliwoski, District Engineer, the Corps; and United States Environmental Protection Agency, Region III ("U.S. EPA") challenging, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Corps' actions with respect to Salt Pond's permit application pursuant to Clean Water Act § 404, 33 U.S.C. § 1344 ("Section 404"), and Rivers and Harbors Act § 10, 33 U.S.C. § 403 ("Section 10");

WHEREAS, the Court, having issued a judgment on September 22, 1993, upholding in their entirety the actions of the Corps' challenged in the Complaint;

WHEREAS, the United States, having filed Counterclaims together with this Consent Decree, alleging violations by Salt Pond of Clean Water Act § 301, 33 U.S.C. § 1311 ("Section 301").

WHEREAS, the parties agree, without conceding liability or admitting the allegations of the Counterclaims, that settlement of the matters alleged in the Counterclaims is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving this matter;

WHEREAS, the Court finds that this Consent Decree is in the public interest and the interests of the parties;

NOW, THEREFORE, upon consent of the parties hereto, it is hereby ORDERED AND DECREED as follows:

### SECTION I.  JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action and over the parties, pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and 33 U.S.C. § 1319(b). Venue is proper in this District pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. §1391, because the site with respect to which the alleged violations took place ("the Salt Pond" or "the Site") is located within the District of Delaware, Sussex County, north of the Town of Bethany Beach and bounded by County Road 360, County Road 357, the Assawoman Canal and the Salt Pond.

## SECTION II.  APPLICABILITY

2.    The provisions of this Consent Decree shall apply to and be binding upon the parties to this action, their officers, directors, agents, employees, successors and assigns, and upon any person, firm or corporation who is, or will be, acting in concert, participation, or under contract with the parties, whether or not such person has notice of this Consent Decree.  In any action to enforce this Consent Decree, Plaintiff shall not raise as a defense the failure by any of its officers, directors, agents, employees, successors and assigns and any person, firm or corporation to take any action necessary to comply with the provisions hereof.  Plaintiff shall provide a true copy of this Consent Decree to any successor to its interest. Plaintiff shall prepare and, after prior review and approval by the Corps, file a copy of a site plot depicting the delineated Section 404 wetlands as previously approved by the Corps by letter dated April 4, 1991 superimposed on the development Site Plan with the Sussex County, Delaware Recorder's Office.  Such plot shall include an appropriate reference to the caption and docket number of this action, and this Consent Decree.  Plaintiff shall simultaneously notify the Corps and the United States Department of Justice that such recording has been accomplished.

3.    This Consent Decree is in full and final settlement of all allegations found in the Counterclaims

and resolves all alleged violations of Section 301 and/or Section 10 at the Site known to Defendants at the time of lodging of this Consent Decree.

### SECTION III.  FINDINGS OF FACT

4.  Salt Pond is a general partnership organized under the Laws of the State of Delaware.

5.  Salt Pond purchased the Site in November, 1988, and at all times relevant to this action, owned the Site.

6.  Salt Pond received a cease and desist order from the Corps on or about October 5, 1991, concerning the alleged violations at the Salt Pond, i.e., filling or otherwise adversely impacting wetlands at the Site without a permit, in violation of Section 10 and Section 301.

7.  Salt Pond subsequently submitted, at the direction of the Corps, an after-the-fact ("ATF") permit application on or about January 21, 1992, seeking authorization for work at the Site pursuant to Section 404 and Section 10.

8.  On September 24, 1992, the Corps denied issuance of the permit sought in Salt Pond's ATF application, and proposed an alternative draft permit authorizing some of Salt Pond's work, subject to General and Special Conditions.

9.  The Corps and Salt Pond agree that Salt Pond's compliance with the mitigation plan, Exhibit "A" hereto, will satisfy applicable requirements of Section 10 and the

Clean Water Act, 33 U.S.C. §§ 1251-1387, and the regulations and guidelines promulgated thereunder, with regard to those items of work proposed to be authorized by the alternative draft permit and now authorized by Paragraph 11 of this Consent Decree.

### SECTION IV.  INJUNCTIVE RELIEF

10.    Salt Pond shall comply with the Mitigation Plan attached hereto as Exhibit "A". Within ten (10) days after the Corps approval of the Site plot provided pursuant to Paragraph 16 of Exhibit "A" hereto and subject to obtaining the necessary signatures from the Delaware Department of Natural Resources and Environmental Control, Salt Pond shall execute, finalize and file with the Sussex County, Delaware, Recorder's Office the Conservation Easement attached hereto as Exhibit "B" over the Section 404 wetlands as depicted in the Site plot referenced in Paragraph 16 of Exhibit "A", including ponds located therein, but excluding those wetland areas subject to third party ownership and the playing areas of the golf course. Plaintiff shall simultaneously notify the Corps and the United States Department of Justice that such recording has been accomplished.  Exhibits A and B, and all attachments thereto, are hereby incorporated and made a part of this Consent Decree and are enforceable in accordance with the terms hereof.

11.    Subject to compliance with the provisions set forth in this Section IV, the cease and desist order referenced in Paragraph 6 is rescinded and the following items of work, as specified and described in the Public Notice of the ATF application dated March 25, 1992, are authorized to remain pursuant to Nationwide Permit 32, 33 C.F.R. Part 330 Appendix A:

a.    Culverting and backfilling of waters of the United States.

b.    Construction of and grading adjacent to a swale.

c.    Mechanized landclearing and grading of vegetated wetlands associated with the construction of ten ponds in wetlands.

d.    Mechanized landclearing and grading of vegetated wetlands adjacent to ponds constructed in wetlands.

e.    York raking of wetlands.

f.    Construction of five roads across waters of the United States.

g.    Installation of a golf-course irrigation system in wetlands.

h.    Installation of utility pipelines in three locations across the Loop Canal.

## SECTION V.  STIPULATED PENALTIES

12.    If Plaintiff fails to comply with any requirement of the Consent Decree, then upon written demand from the United States, Plaintiff shall be liable to pay the stipulated penalties set forth below.

13.    If Plaintiff fails to submit an annual report as required by Paragraph 8 of Exhibit "A" to this Consent Decree, or fails to comply with any other provision of this Consent Decree not otherwise specified in this Section V, Plaintiff shall pay a stipulated penalty of $250 per day for each day of noncompliance.

14.    If Plaintiff fails to submit the Mitigation Plan required by Paragraph 5, or to implement work required by Paragraphs 4, 5, 6, 16, or 17 of Exhibit "A", or by any schedule under Paragraph 8 of Exhibit "A", Plaintiff shall pay a stipulated penalty of $2,500 per day for each day Plaintiff fails to submit such plan or implement such work.

15.    If the District Engineer requires remedial action pursuant to Paragraph 7 of Exhibit "A" to this Consent Decree, and Plaintiff fails to implement such required remedial action, Plaintiff shall pay $1,000 per day for each day Plaintiff fails to implement such required remedial action.

16.    Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Nothing in this Section V shall be construed to limit any

7

other remedies available to the United States, U.S. EPA, or the Corps for violations of this Consent Decree or any provision of law. Notwithstanding the foregoing, if the United States demands a stipulated penalty from Plaintiff for a violation of this Consent Decree, and Plaintiff timely pays such stipulated penalty, then the stipulated penalty shall be the United States' exclusive monetary remedy for such violation of this Consent Decree.

17. Plaintiff shall pay any penalties incurred under this Section V by certified or cashier's check, payable to "Treasurer, United States of America," and delivered to the United States Department of Justice at the address specified in Section XI of this Consent Decree, within thirty (30) days of Plaintiff's receipt of a written demand from the United States.

## SECTION VI. CIVIL PENALTY

18. Within thirty (30) days after Plaintiff's receipt of notification of entry of this Consent Decree, Plaintiff shall pay a civil penalty in the amount of Two Hundred Thousand Dollars ($200,000.00) to the United States of America. Payment shall be made by certified or cashier's check, payable to "Treasurer, United States of America," and delivered to the United States Department of Justice at the address specified in Section XI of this Consent Decree. A copy of the check shall be sent to the Corps.

19.    Interest shall accrue on any amounts overdue under the terms of the Consent Decree at a rate established by the Secretary of Treasury pursuant to 28 U.S.C. § 1961.

**SECTION VII.  DELAYS OR IMPEDIMENTS TO COMPLIANCE ("FORCE MAJEURE")**

20.    For purposes of this Consent Decree, "force majeure" shall mean an event which is beyond the reasonable control of Plaintiff, which could not reasonably have been overcome or avoided by Plaintiff's exercise of due diligence, and which delays or may delay full performance of the obligations imposed by this Consent Decree.  If an event occurs or may occur which may be a force majeure event, Plaintiff shall request an extension of time by written notification to the U.S. Department of Justice and the Corps within fourteen (14) days of when Plaintiff either first knew of the event or first should have known of the event by the exercise of due diligence.  In this notice Plaintiff shall specifically reference this Section, and shall describe, in such detail as is known to Plaintiff at that time, after reasonable inquiry, (a) the anticipated length of time of the delay; (b) the known cause or causes of the delay; (c) the measures taken or to be taken to prevent or minimize the delay, which shall be all reasonable measures; and (d) Plaintiff's basis for asserting that the event is a force majeure event as defined in this Paragraph.

9

21.    Failure by Plaintiff to timely comply with the notice requirement of Paragraph 20 shall render this Section void and of no effect as to the particular event involved, and shall constitute a waiver of Plaintiff's right to request an extension of time for its obligations under this Section based upon such event.

22.    The Corps shall notify Plaintiff in writing of its agreement or disagreement with Plaintiff's claim of a force majeure event within thirty (30) days of receipt of Plaintiff's notice provided under this Section.    If the Corps does not respond within thirty (30) days of Plaintiff's notice, Plaintiff shall again provide notice pursuant to Paragraph 20 hereof, and if the Corps does not respond within fifteen (15) days of receipt of Plaintiff's second notice the Corps will be deemed to have agreed with Plaintiff's claim.

23.    If the Corps agrees that the event constitutes a force majeure event as defined in Paragraph 20, the parties shall stipulate to an extension of time for the particular compliance requirement affected by the delay, by a period not exceeding the delay actually caused by such circumstances.    Such a stipulation shall be deemed to be incorporated into this Consent Decree.  Defendant shall not be liable for stipulated penalties for the periods provided in such stipulation.

24.    If the Corps does not agree with Plaintiff's claim of a _force majeure_ event, then the Corps shall state in its notification of disagreement the basis for its disagreement.    In the event of disagreement the matter shall be submitted to the Dispute Resolution procedures established in Section IX of this Consent Decree.

25.    Plaintiff shall bear the burden of proving that any event which delays or may delay full performance of any requirement of this Consent Decree is a _force majeure_ event.    Also, Plaintiff shall bear the burden of proving that the length and extent of any delay was attributable to such circumstances.    An extension of one compliance date based upon a particular event does not necessarily result in an extension of a subsequent compliance date or dates. Plaintiff must make an individual showing of proof regarding each delayed incremental step, or other requirement for which an extension is sought.

26.    Unanticipated or increased costs or expenses associated with the implementation of this Consent Decree, and changed financial circumstances, shall not serve as a basis for requesting an extension of time or other changes to this Consent Decree.

### SECTION VIII.  FAILURE OF COMPLIANCE

27.    The United States does not, by its consent to entry of this Consent Decree, warrant or aver in any manner that Plaintiff's complete compliance with this Consent

Decree will result in compliance with Section 404 or Section 10, or the regulations promulgated thereunder, except with respect to the violations known to the Corps at the time of the lodging of this Consent Decree and/or alleged in the Counterclaims. Notwithstanding the Corps' review and approval of any plans, Plaintiff shall remain solely responsible for compliance with the terms of this Consent Decree, Section 404, and Section 10.

## SECTION IX.  DISPUTE RESOLUTION

28.  Any dispute arising under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the parties for a period of fifteen (15) working days from the time notice of the existence of the dispute is received. The period for such negotiations may be extended by agreement of the parties.

29.  If a dispute between the parties cannot be resolved by informal negotiations then the position advanced by the United States shall be considered controlling unless, within fifteen (15) days after the end of the informal negotiations period, Plaintiff files a petition with this Court setting forth the matter in dispute, the efforts made by the parties to resolve it, and its proposed resolution. The United States shall then have twenty (20) days to file a response to Plaintiff's petition, which may include an alternative proposal for resolution of the dispute. In proceedings on any dispute

under this paragraph, Plaintiff shall have the burden of proving that its proposal meets the requirements of this Consent Decree.

30.    The filing of a petition asking the Court to resolve a dispute shall not of itself extend or postpone any obligation of Plaintiff under this Consent Decree, but shall stay the payment of stipulated penalties with respect to the disputed matter during the pendency of the petition. To the extent Plaintiff shows that a delay was due to a force majeure event or otherwise prevails on the disputed issue, otherwise applicable stipulated penalties shall be excused.    The parties reserve all rights with respect to disputes concerning the failure of Plaintiff to meet the requirements of Exhibit "A" hereto after the five (5) year monitoring period specified therein.

### SECTION X.  RIGHT OF ENTRY

31.    The Corps, the U.S. EPA, and the U.S. Department of the Interior and/or their employees, contractors, consultants, and attorneys shall have the authority to enter the Site during reasonable hours, upon presentation of credentials, for the purposes of:

a.    monitoring the progress of activities required by this Consent Decree;

b.    verifying any data or information submitted by Plaintiff in accordance with the terms of this Consent Decree;

c.    obtaining samples and, upon request, splits of any samples taken, for the purposes of determining compliance with this Consent Decree, by Plaintiff or its contractors or consultants; or

d.    assessing Plaintiff's compliance with this Consent Decree.

This provision in no way affects or reduces any rights of entry or inspection that the United States has under any applicable federal or state law or regulation.    Upon request, Plaintiff shall supply the Corps with splits of any samples it takes pursuant to subparagraph 31c. above, and a list of the tests and analyses to be performed on any such samples.

### SECTION XI.    FORM OF NOTICE

32.    Written notifications, quarterly reports, annual inspection reports or other communications under the terms of this Consent Decree among or between the Department of Justice, Corps, or Plaintiff shall be deemed submitted on the date they are postmarked and sent by certified or express mail, with a return receipt provided.    Except as specified otherwise herein, when written notification, communication, or submission is required by any party to this Consent Decree, it shall be addressed as follows:

As to the United States Department of Justice:
Timothy Burns, Trial Attorney
Environment and Natural Resources Division
U.S. Department of Justice

14

<u>For First Class Mail Service</u>:
Post Office Box 23986
Washington, D.C.  20026-3986

<u>For Express Mail Service</u>:
10th Street & Pennsylvania Avenue, N.W.
Main Building, Room 7110
Washington, D.C.  20530

<u>As to the Corps</u>:
Barry Gale, Esquire
Office of Counsel
Philadelphia District Office
Corps of Engineers
Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107-3390

<u>As to the Plaintiff</u>:
F. Michael Parkowski, Esquire
Parkowski, Noble & Guerke, P.A.
116 W. Water Street
P.O. Box 598
Dover, DE  19903-0598

C. Rupert Smith
Salt Pond Associates
c/o Hickman Real Estate
300 Ocean View Parkway
P.O. Box 1000
Bethany Beach, DE  19930

## SECTION XII.  <u>PERMIT OBLIGATIONS</u>

33.    Except for the work authorized and required by
this Consent Decree (including Exhibits), this Consent
Decree does not relieve Plaintiff of any obligation to
apply for, obtain, and comply with the requirements of any
new or existing Section 404 permit, or with any other
federal, state or local law or regulation.

## SECTION XIII.  NON-WAIVER

34.  This Consent Decree in no way affects or relieves the Plaintiff of responsibility to comply with any federal, state or local law or regulation.

35.  The United States does not waive any rights or remedies available to it for any violation by the Plaintiff of federal or state laws, regulations, or permit conditions other than those alleged violations covered by this Consent Decree.

36.  The parties agree that it is the responsibility of the Plaintiff to achieve and maintain complete compliance with all applicable federal and state laws, regulations and permits.  Nothing herein shall be construed to limit the authority of the United States to act under sections 308 and 504 of the Clean Water Act, 33 U.S.C. §§ 1318 and 1364.

## SECTION XIV.  USE OF DECREE/ADMISSIONS

37.  Plaintiff does not admit any violation, fault or liability under federal, state or local law or any legal liability whatsoever in connection with the Site or otherwise.  Except for the matters adjudged in the Court's ruling of September 22, 1993, nothing within this Consent Decree is intended by the Parties to be, nor shall it be, an admission or adjudication of facts or law; a waiver with respect to any right or defense of the Plaintiff for any purpose; or evidence of any wrongdoing, misconduct, fault

or liability to any person on the part of the Plaintiff. Accordingly, it is the intent of the United States and the Plaintiff that, with the exception of any proceeding to enforce this Consent Decree, this Consent Decree shall not be admissible into evidence in any other proceeding against Plaintiff nor shall it be construed to create rights in any third parties against Plainitff.

SECTION XV.  <u>MODIFICATION</u>

38.    Except as provided in the Dispute Resolution provisions of Section IX herein and in Paragraph 23 hereof, there shall be no modification of this Consent Decree without the written approval of the parties and the Court.

SECTION XVI.  <u>COSTS OF SUIT</u>

39.    Each party shall bear its own costs and attorneys' fees in this action.

SECTION XVII.  <u>PUBLIC COMMENT</u>

40.    The parties agree and acknowledge that upon lodging this Consent Decree and prior to entry of this Consent Decree, the United States shall, pursuant to 28 C.F.R. §50.7, publish notice and provide an opportunity for public comment on this Consent Decree.  The United States reserves the right to withhold consent to entry of this Consent Decree based upon such public comments, and should the United States withhold consent Plaintiff reserves all rights.

## SECTION XVIII.   SEVERABILITY

41.    Except for Paragraph 10, the provisions of this Consent Decree are severable, and should any provisions be declared by a court of competent jurisdiction to be inconsistent with federal law and therefore, unenforceable, the remaining provisions shall remain in full force and effect.

## SECTION XIX.   CONTINUING JURISDICTION OF THE COURT

42.    The Court shall retain jurisdiction of this case until termination of this Consent Decree pursuant to Section XX, in order to enforce or modify the Consent Decree, or to interpret the rights and obligations of the parties to the Consent Decree.   During the pendency of the Consent Decree, either party may apply to the Court for any relief necessary to construe and effectuate this Consent Decree.

## SECTION XX.   TERMINATION

43.    This Consent Decree shall terminate by motion of either party, after all of the following have occurred:

a.    Plaintiff has achieved full compliance with the requirements of Section IV of this Consent Decree;

b.    Plaintiff has paid any stipulated penalties due and owing pursuant to Section V, and has paid the civil penalty pursuant to Section VI, of this Consent Decree;

c.    Plaintiff certifies to the Court and to the Department of Justice and the Corps compliance with

subparagraphs a. and b., above, including providing evidence that the recordation requirements of Paragraphs 2 and 10 have been met; and

       d.    Plaintiff certifies to the Court and to the Department of Justice and the Corps that a Declaration of Restrictions binding and running with the Salt Pond lands, enforceable by the Corps and the residents of the Salt Pond development, has been recorded with the Sussex County, Delaware, Recorder's Office. The Declaration of Restrictions shall be in a form accepted by the Corps and incorporate the operational provisions of Paragraphs 9 and 10 of Exhibit "A" and Attachments "3" and "4" of Exhibit "A", but excluding all notification, reporting and submission of data and monitoring information requirements contained therein. The certification shall include evidence of the recordation required herein.

       e.    The Corps, within 60 days of receiving certifications from Plaintiff as required by subparagraphs c. and d. of this Paragraph, has not contested, in writing, that such compliance has been achieved. If the Corps disputes Plaintiff's full compliance, the Dispute Resolution provisions of the Consent Decree shall be invoked and the Consent Decree shall remain in effect pending resolution of the dispute by the parties or the Court.

44.   The Order terminating the Consent Decree shall constitute a final judgment of all claims alleged in the Counterclaims.

### SECTION XXI.   COMPUTATION OF TIME

45.   In computing any period of time prescribed or allowed by this Consent Decree, the day of the act after which the designated period of time begins to run is not to be included.   The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.

### SECTION XXII.   SIGNATORIES

46.   Each undersigned representative of a party to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

The parties enter into this Consent Decree and respectfully submit it to the Court, that it may be approved and entered: