# EXHIBIT B

p/o 1-34-13.00-88.00
Prepared by: U.S. Army Corps of Engineers
Philadelphia District
Dover Delaware Field Office
1203 College Park Drive, Suite 103
Dover, Delaware 19904
March 2, 2005
Last Revised June 7, 2006

## DECLARATION OF RESTRICTIONS FOR PROPERTY KNOWN AS THE SALT POND SUBDIVISION CONSERVATION EASEMENT

THIS DECLARATION OF RESTRICTIONS (hereinafter "Declaration") made this 7th day of August, 2006, by The State of Delaware, acting through the Department of Natural Resources and Environmental Control (hereinafter "Grantee") and agreed to by Salt Pond Associates, LLC. (hereinafter "Grantor");

WITNESSETH:

WHEREAS, Grantor is the fee simple owner of certain tracts of land located in Baltimore Hundred, Sussex County and State of Delaware, identified in the Sussex County Assessment Office as Parcel Number 1-34-13.00-88.00, more particularly described in Exhibit A, entitled:

"The Salt Pond Comprehensive Wetlands Survey, Conservation Easement;" prepared by Simpler Surveying & Associates, Frankford, Delaware; edited by Environmental Consulting Services Inc., Middletown, Delaware; prepared on July 20, 2001; last revised June 6, 2006, scale one inch equals 200 feet; one sheet; and

"The Salt Pond Comprehensive Wetlands Survey, Cover;" prepared by Simpler Surveying & Associates, Frankford, Delaware; edited by Environmental Consulting Services Inc., Middletown, Delaware; prepared on July 20, 2001; last revised June 6, 2006, scale one inch equals 200 feet; one sheet; and

"The Salt Pond Comprehensive Wetlands Survey;" prepared by Simpler Surveying & Associates, Frankford, Delaware; edited by Environmental Consulting Services Inc., Middletown, Delaware; prepared on July 20, 2001; last revised June 6, 2006, scale one inch equals 50 feet; 13 sheets,

attached hereto and incorporated by reference, hereinafter referred to as the "Conservation Easement Area;" and

WHEREAS, through physical inspection of the Conservation Easement Area, Grantor and the United States Army Corps of Engineers (hereinafter "CORPS") have identified portions of the Conservation Easement Area that are "Waters of the United States, including wetlands," as defined in 33 CFR 328.3(a), and portions of the Conservation Easement Areas that are not subject to Federal jurisdiction; and

WHEREAS, the Grantor and Grantee enter into this Declaration in compliance with the Consent Decree entered in Salt Pond Associates v. U.S. Army Corps of Engineers, et al., Civil Action No. 92-597-LON (D.Del.) (hereinafter "Consent Decree"); and

WHEREAS, said Property contains existing open and forested uplands, wetlands, and open water, worthy of conservation protection, referred to as the "Conservation Easement Area" on Exhibit A and hereinafter; and

WHEREAS, Grantee is a publicly supported State agency whose primary purpose is the preservation, protection, or enhancement of land in its natural, scenic, forested condition; and

WHEREAS, Grantor is desirous of preserving the natural state of the Conservation Easement Area and further desires to conserve and protect the Conservation Easement Area from any natural disruption and/or other occurrences which might interfere with the beauty and unique character of the Conservation Easement Area as it exists in its natural and scenic state; and

WHEREAS, Grantor is willing to grant this Declaration over said Conservation Easement Area, thereby restricting and limiting the use of said Conservation Easement Area, on the terms and conditions and for the purposes hereinafter set forth, and the Grantee is willing to accept such Declaration; and

WHEREAS, Grantee agrees by accepting this grant to honor the intentions of Grantor stated herein and to preserve and protect in perpetuity the conservation values of the Conservation Easement Area for the benefit of this generation and generations to come;

NOW, THEREFORE, in consideration of the above and mutual covenants, terms, conditions, and restrictions contained herein, and pursuant to the laws of Delaware, Grantor does impose upon the Conservation Easement Area, and the Grantee concur with, the following covenants and/or restrictions.

1.  PURPOSE
    It is the purpose of this Declaration to assure that the Conservation Easement Area will be retained and maintained forever in its natural, scenic, open, forested, open water, and/or wetland condition as provided herein and to prevent any use of the Conservation Easement Area that will impair or interfere with its natural resource functions and values. Grantor intends that this Declaration will confine the use of the

Conservation Easement Area to such activities as are consistent with the purpose of this Declaration.

2. PERMITTED USES

Notwithstanding anything stated to the contrary herein, this Declaration shall in no way be construed to prevent or prohibit those activities undertaken by Grantor in compliance with the Consent Decree.

3. RESTRICTIONS

Any activity on or use of the Conservation Easement Area inconsistent with the purpose of the Declaration is prohibited. Without limiting the generality of the foregoing, the following activities and uses are expressly prohibited in, on, over, or under the Conservation Easement Area, subject to the express terms and conditions below:

(A) No signs, billboards or outdoor advertising structures, not authorized by the Consent Decree, shall be placed or maintained on the Conservation Easement Area; except for a reasonable number of signs for resource protection, safety, boundary identification, and management.

(B) No improvements, including, but not limited to, buildings, tennis courts, asphalt or concrete pavement, communication tower or antenna, utility line or conduit, parking lot or any other temporary or permanent structure or facility shall be constructed, repaired, remodeled, reconstructed, or maintained on, under or above the Conservation Easement Area.

(C) No dumping, depositing, abandoning, discharging or releasing of any gaseous, liquid, solid or hazardous wastes, substances, materials or debris of whatever nature on, in, over or under the ground or into surface or ground water shall occur.

(D) No loam, peat, gravel, soil, rock, sand or dredged and/or fill materials shall be placed, moved, or discharged within the Conservation Easement Area, nor shall there be made any changes in the topography of the land.

(E) There shall be no land clearing, redirection of surface water or groundwater, ditching, extraction, drilling, driving of piles, mining, excavation or removal of loam, peat, gravel, soil, rock, sand, mineral or similar material, nor any change in the topography of the land.

(F) There shall be no alteration, removal or destruction of plants, trees, shrubs, wildflowers or other vegetation living or dead, or animal species except for control of non-native species for proper management of species and natural communities. Vegetation within the Conservation Easement Area shall be allowed to grow and regrow to maturity and to remain in such state in perpetuity.

(G) Intentional introduction of non-native, non-indigenous plant and animal species is prohibited.

(H) There shall be no collecting of plant material, animals, minerals, or artifacts, except for scientific and nature study and in accordance with applicable State and Federal laws.

(I) There shall be no use of pesticides, herbicides, insecticides or other chemicals within the Conservation Easement Area, except that which is permitted under Section 4, Reserved Rights.

(J) No other acts, uses or discharges shall be allowed which adversely affect fish or wildlife habitat or the preservation of land or water areas on the Conservation Easement Area.

(K) Any other use of or activity in the Conservation Easement Area, which would materially impair the forestland and wetlands found therein, is prohibited.

(L) Industrial and commercial activities are prohibited.

(M) It is not the intent of this Declaration to control or restrict the legally permitted use of the Conservation Easement Area except as provided herein. Prohibited uses shall not affect current passive recreational uses of the Conservation Easement Area, and the right to continue such is reserved to the Grantor.

4. RESERVED RIGHTS

Grantor reserves to itself, its personal representatives, heirs, successors and assigns, all rights accruing from its ownership of the Conservation Easement Area, including the right to engage in or permit or invite others to engage in all uses of the Conservation Easement Area that are not expressly prohibited herein and are not inconsistent with the purposes of this Declaration. Grantor also retains all responsibilities, costs, and liabilities of any kind related to the ownership, operation, upkeep, and maintenance of the Conservation Easement Area. Nothing contained in this Declaration shall prevent or be construed to prevent Grantor, its personal representative, heirs, successors and assigns from fully utilizing, maintaining, repairing, replacing, and otherwise experiencing the benefit from, the golf course and improvements located at the Salt Pond subdivision.

To accomplish the purpose of this Declaration, Grantor shall be allowed to perform certain restoration, enhancement, and/or management activities within the Conservation Easement Area, in consultation with the Grantee. The Grantee's or Grantee's representative will provide Grantor with technical assistance. The allowable activities are provided below.

(A) Systemic herbicides Rodeo and Cygnet (surfactant) may be used within the Conservation Easement Area to treat invasive growth associated with the common

reed (*Phramites australis*), Japanese honeysuckle (*Lonicera japonica*), and multiflora rose (*Rosa multiflora*) provided that the herbicide is applied by an individual trained in the application of herbicides and that the Grantee provides written approval prior to any herbicide application.

(B) Certain chemical products used for the control of invasive and nuisance vegetation located below the ordinary high water mark of the ponds contained in the Conservation Easement Area may be applied provided the chemical products are licensed by the Environmental Protection Agency, the application is overseen by an individual licensed in Aquatic Pesticide Application by the Delaware Department of Agriculture, the application of the chemical product is performed in strict conformance to the manufacture's recommendations provided on the product label, and the Grantee provides written approval prior to any application. The permitted chemical products are:

(1) Cutrine Plus Ultra for the control of nuisance algae(s) and cyano bacteria blooms;

(2) Sonar AS for the control of nuisance and/or invasive, non-emergent vegetation or rooted floating vegetation (eradication of target species, unless they are exotic invasives, will not take place); and

(3) Baraclear P80 for the purpose of water clarification and nutrient contaminant removal.

(C) During the fall and winter months, dead standing vegetation and floating vegetation located at or below the ordinary high water mark may be removed from the ponds located within the Conservation Easement Area. Woody debris associated with fallen trees and/or logs located in or adjacent to a pond are to remain in place to add to the pond habitat.

(D) The planting of indigenous plant species may occur within the Conservation Easement Area, including within the ponds, provided the plant species selected are representative with the preexisting natural flora, the planting does not result in the eradication of an existing population of native species, and Grantee provides written approval prior to any planting.

(E) The stocking of indigenous fish species in the ponds located within the Conservation Easement Area is permitted provided that the Grantee provides written approval prior to any stocking of fish. The exception to this allowance is any species of fish from the *Gambusia* genus (mosquito fish).

(F) Many of the ditches and pond located within the Conservation Easement Area are part of the stormwater management system for the Salt Pond subdivision. As such, there are fifteen (15) Maintenance Areas, depicted on Exhibit A, where maintenance dredging and associated work shall be permitted within the Conservation


Easement Area following prior notification to the Grantee. The 15 Maintenance Areas are described below.

(1)  Maintenance Area 1 is located at Monument 009, extends 25 feet to the east along the Conservation Easement Area boundary, and extends 35 feet into the Conservation Easement Area.

(2)  Maintenance Area 2 is located between Monuments 169 and 170, and extends 20 feet into the Conservation Easement Area.

(3)  Maintenance Area 3 is location between Monuments 166, 167, 168, and 171.

(4)  Maintenance Area 4 is located between Monuments 158, 159, and 160.

(5)  Maintenance Area 5 is located between Monuments 136 and 137 and extends 15 feet into the Conservation Easement Area.

(6)  Maintenance Area 6 is located at Monument 147, extends 30 feet to the southeast along the Conservation Easement boundary, and extends 15 feet into the Conservation Easement Area.

(7)  Maintenance Area 7 is located 20 feet east of Monument 029 along the Conservation Easement boundary, extends 25 feet to the east along the Conservation Easement boundary, and 35 feet to the north into the Conservation Easement Area.

(8)  Maintenance Area 8 is located at Monument 244, extends 20 feet to the southeast along the Conservation Easement boundary, 10 feet to the north along the Conservation Easement boundary, and extends 15 feet into the Conservation Easement Area.

(9)  Maintenance Area 9 is located at Monument 104, extends 10 feet to the northeast along the Conservation Easement boundary, extends 10 feet to the southwest along the Conservation Easement boundary, and extends 15 feet into the Conservation Easement Area.

(10)  Maintenance Area 10 is located between Monuments 074, 075, 076, 077, and 078.

(11)  Maintenance Area 11 is located between Monuments 383 and 384 and extends west to the Conservation Easement boundary.

(12)  Maintenance Area 12 is located at Monument 199, extends 20 feet to the west along the Conservation Easement boundary, extends 10 feet to the southeast

along the Conservation Easement boundary, and extends 20 feet into the Conservation Easement Area.

(13) Maintenance Area 13 is located between Monuments 377 and 378, and extends north to the edge of the Conservation Easement boundary.

(14) Maintenance Area 14 is located 30 feet northeast of Monument 326 along the Conservation Easement boundary, extends 28 feet to the northeast along the Conservation Easement boundary, and extends 15 feet into the Conservation Easement Area.

(15) Maintenance Area 15 is located between Monuments 356, 357, 358, and 359.

5. NOTICES

Any notice, demand, request, consent, approval, or communication that either party desires or is required to give to the other shall be in writing and either served personally or sent by first class mail, postage prepaid, and addressed as follows:

> Grantor: Salt Pond Associates, LLC
> Coldwell Banker Building
> 22/24 Bethany Beach Loop Road
> Bethany Beach, Delaware 19930
>
> Grantee: Department of Natural Resources &
> Environmental Control
> Division of Parks and Recreation
> Office of Land Preservation
> 89 Kings Highway
> Dover, Delaware 19901

Upon written notice from a party, or a successor in interest, to the other party hereto, any such notice, demand, or other written communication shall be given to that party or successor at the address indicated in such notice.

6. ENFORCEMENT RIGHTS:

(A) To accomplish the purpose of this Declaration, the following rights are conveyed to Grantee by this Declaration:

> (1) To preserve and protect the forested and open uplands, open water, and wetlands of the Conservation Easement Area; and
>
> (2) To enter upon the Conservation Easement Area at reasonable times in order to monitor Grantor's compliance with and otherwise enforce the terms of this Declaration, provided that such entry shall

      not unreasonably interfere with Grantor's use and quiet enjoyment of the Conservation Easement Area; and

    (3) To prevent any activity on or use of the Conservation Easement Area that is inconsistent with the purpose of this Declaration and to require the restoration of such areas or features of the Conservation Easement Area that may be damaged by any inconsistent activity or use pursuant to this Paragraph.

(B) In the event that a violation of the terms of this Declaration comes to the attention of the Grantee, then Grantee shall give written notice to Grantor of such violation and demand corrective action sufficient to cure the violation and restore the portion of the Conservation Easement Area so injured. If the violation is not cured within thirty (30) calendar days of the receipt of written notice from Grantee, or where the required corrective action cannot be completed within thirty (30) calendar days, violator fails to commence such cure within said thirty (30) calendar day period and fails to continue diligently to cure the violation until finally cured, then Grantee may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Declaration, to enjoin the violation, *ex parte* as necessary, by temporary or permanent injunction, to recover any damages to which it may be entitled for violations of the terms of this Declaration, including damages for the loss of forestland, open water, and wetlands, and to require the restoration of the Conservation Easement Area to its prior condition.

(C) If Grantee in its sole discretion, determines that circumstances require immediate action to prevent or mitigate irreparable harm to the Conservation Easement Area, then Grantee may pursue its remedies under this Paragraph without prior notice to violator or without waiting for the period provided for the cure to expire.

(D) If monetary damages for any violation of the terms of this Declaration are inadequate, Grantor or Grantee shall be entitled to the injunctive relief described in this Paragraph, both prohibitive and mandatory, in addition to such other relief to which either party may be entitled, including specific performance of the terms of this Declaration. Actual damages or the inadequacy of otherwise available legal remedies need not be proven for Grantor or Grantee to obtain the relief described in this Paragraph.

(E) Any reasonable costs incurred by a party in enforcing the terms of this Declaration against any violator, including costs of suit and attorneys' fees, and any reasonable costs of restoration necessitated by the violation of this Declaration, shall be borne by the violator.

(F) Grantor's and Grantee's rights under this Paragraph apply equally in the event of either actual or threatened violations of the terms of this Declaration.

(G) Nothing contained herein shall be construed to entitle Grantee to bring any acts against Grantor for any injury to or change in the Conservation Easement Area resulting from causes beyond Grantor's control including, without limitation, unauthorized access by third parties, fire, flood, storm, and earth movement, or from prudent actions taken by Grantor under emergency conditions to prevent, abate, or mitigate significant injury to the Conservation Easement Area resulting from such causes.

7. LIMITATIOINS ON PUBLIC ACCESS

This declaration limits the right of the general public to enter any portion of the Conservation Easement Area if such use and activity by the general public is determined to be inconsistent with the purpose of the Declaration.

8. HOLD HARMLESS

Grantor shall hold harmless, indemnify, and defend Grantee and its Secretary, employees, agents, and contractors and its personal representatives, successors, and assigns of each of them (collectively "Indemnified Parties") from and against all liabilities, penalties, fines, charges, costs, losses, damages, expenses, cause of action, claims, demands, orders, judgments, or administrative actions, including, without limitation, reasonable attorneys' fees, arising from or in any way connected with injury to or death of any person, or physical damage to any property, resulting from any act, omission, condition, or other matter related to or occurring on or about the Conservation Easement Area, regardless of cause, except to the extent due to the negligence or willful misconduct of any of the Indemnified Parties.

9. MODIFICATION

This Declaration is made by Grantor and agreed to by the Grantee with the understanding that the purpose for which it is written may be protected or furthered notwithstanding the possibility that circumstances may arise that would justify modification of certain specific terms of this Declaration. To that end, Grantor may agree in writing to modify the terms of this Declaration, to the extent that such modification furthers or does not have adverse effect on the protection and conservation of the open and forested uplands, open water, or wetlands of the Conservation Easement Area, subject to any procedural requirement imposed upon all parties by law and the prior written approval of said modification by the CORPS.

10. RECORDING

This Declaration shall be recorded in the Office of the Recorder of Deeds of Sussex County, Delaware.

11. TRANSFER OF DECLARANT'S INTEREST

Grantor agrees to incorporate this Declaration by reference into any deed or other legal instrument by which Grantor divests itself of any interest in all or a portion of the Conservation Easement Area, including, without limitation, a leasehold interest. Grantor further agrees to give written notice to Grantee of the transfer of any interest in the

Conservation Easement Area at least thirty (30) calendar days prior to the date of such transfer. The failure of Grantor to perform any act required by this Paragraph shall not impair the validity of this Declaration or limit its enforceability in any way.

12. ENFORCEMENT DISCRETION

Enforcement of the terms of this Declaration shall be at the discretion of Grantee, and any forbearance by Grantee to exercise its rights under this Declaration in the event of any breach of any term of this Declaration by Grantor shall not be deemed or construed to be a waiver by Grantee of such terms or of any subsequent breach of the same or any other terms of this Declaration or of any of Grantee's rights under this Declaration. No delay or omission by Grantee in the exercise of any right or remedy upon any breach by Grantor shall impair such right or remedy or be construed as a waiver.

13. DURATION OF DECLARATION

The Grantor agrees that this Declaration shall run with the land in perpetuity and is binding upon all subsequent Grantors, their heirs, executors, administrators, successors, representatives, devisees, and assigns, as the case may be, as long as said party shall have any interest in the Conservation Easement Area.

14. INTERPRETATION OF DECLARATION

This Declaration shall be liberally construed in favor of the purpose of the Declaration.

15. SEVERABILITY

If any portion of this Declaration, or the application thereof to any person or circumstance, is found to be invalid, the remainder of the provisions of this Declaration, or application of such provision to persons or circumstances other than those as to which it is found to be invalid, as the case may be, shall not be affected thereby.

16. NO FORFEITURE

Nothing contained herein will result in a forfeiture or revision of Grantor's title in any respect.

17. CONTRIBUTION

Grantor agrees to contribute Ten Thousand Dollars ($10,000.00) to Grantee or its representative for the purpose of monitoring and/or enforcing the Declaration.

18. JOINT OBLIGATION

The obligations imposed by this Declaration upon Grantor shall be joint and several.

19. TERMINATION OF RIGHTS AND OBLIGATIONS

A party's rights and obligation under this Declaration terminate upon transfer of the party's interest in the Declaration or Conservation Easement Area, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

20. CAPTIONS

The captions in this instrument have been inserted solely for the convenience of reference and are not a part of the instrument and shall have no effect upon construction or interpretation.

21. ACKNOWLEDGMENTS

(A) Grantor has received and fully reviewed the Baseline Documentation and attests that it is true, correct, and complete summary of the Conservation Values of the Conservation Easement Area and is an accurate representation of the Conservation Easement Area as of the date of this Declaration.

(B) Grantor attests that it is the owner of the Conservation Easement Area and that the Conservation Easement Area is not subject to a mortgage as of this date, or if the Conservation Easement Area is subject to a mortgage then a release of lien and mortgage subordination has been signed and acknowledged prior to approval of this document.

TO HAVE AND HOLD unto Grantee, its successors and assigns forever.

IN WITNESS WHEREOF, Grantor has hereunto set their Hands and Seals the day and year above first written.

Salt Pond Associates, LLC
Coldwell Banker Building
22/24 Bethany Loop Road
Bethany Beach, Delaware 19971

_____
ATTEST

BY: _____
C. RUPERT SMITH
MANAGER

STATE OF DELAWARE
Department of Natural Resources
And Environmental Control

_____
Vicki E. Ward
Witness

BY: _____
JOHN A. HUGHES
SECRETARY

STATE OF DELAWARE   :
                    : ss
COUNTY OF SUSSEX    :

BE IT REMEMBERED, that on this 8th day of August, 2006 personally came before me, the Subscriber, a Notary Public in and for the State and County aforesaid C. RUPERT SMITH, Manager, on behalf of the Salt Pond Associates, LLC, party to this Instrument, known to me personally to be such, and acknowledged this Instrument to be his act and deed and the act and deed of said LLC.

GIVEN under my Hand and Seal of Office, the day and year aforesaid.

_____
Notary Public

_____
Printed Name of Notary
Commission Expires _____

EUGENE H. BAYARD, ESQ.
NOTARIAL OFFICER PURSUANT TO
29 DEL. CODE SECT. 4323
ATTORNEY AT LAW
DELAWARE

STATE OF DELAWARE    :
                     : ss
COUNTY OF KENT       :

BE IT REMEMBERED, that on this 7th day of August, 2006 personally came before me, the Subscriber, a Notary Public in and for the State and County aforesaid JOHN A. HUGHES on behalf of the Department of Natural Resources and Environmental Control, party to this Instrument, known to me personally to be such, and acknowledged this Instrument to be his act and deed and the act and deed of said Department.

GIVEN under my Hand and Seal of Office, the day and year aforesaid.

_Casie R. Anthony_
Notary Public

_Casie R. Anthony_
Printed Name of Notary
Commission Expires Sept 20, 2007